UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELA CAMENISCH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UMPQUA BANK,<br><br>    Defendant. | Case No. 20-cv-05905-RS |
| PETER A BAGATELOS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UMPQUA BANK,<br><br>    Defendant. | Case No. 23-cv-02759-RS<br><br>**CASE MANAGEMENT ORDER** |

In their Joint Case Management Conference Statements filed in these two related cases, the parties report they have reached agreement for the cases to be tried together in a consolidated trial in September of next year. The remaining dispute involves approximately 700,000 pages of "unstructured data" from the records of the non-party PFI entities that the *Camenisch* plaintiffs produced after the close of discovery in that action. By prior order in the *Camenisch* action, the "unstructured data" documents were excluded from introduction at trial.

With the exception of those documents, the parties have agreed that any evidence admissible in either case will be deemed admissible in the other case as well. Plaintiffs propose

that because they can now make a timely production of those documents in the *Bagatelos* action, and Umpqua can conduct discovery regarding them, they should also be admissible in the consolidated case as to all plaintiffs. Plaintiffs assert they were previously willing to disavow any intent to use the documents to avoid a possible delay of trial in *Camenisch*, but that it would be useful to permit their use now to avoid any questions as to the admissibility of the "structured database" on which they do intend to rely.

It is unclear whether the documents have any relevance to the claims of the *Bagatelos* plaintiffs, except possibly to the extent that within the approximately 700,000 pages there are records relating to the "tenant-in-common" investment vehicles in which the nine individual *Bagatelos* plaintiffs participated. Even assuming, however, that the documents would be properly the subject of discovery in *Bagatelos*, the fortuity of its filing is not basis to avoid the exclusion order in *Camenisch.*

With that question resolved, and the parties having stipulated to all other issues and scheduling, the Case Management Conference set in both cases for August 10, 2023, is vacated.

| Deadline | Date |
| --- | --- |
| Class exclusion deadline (postmark date) | August 7, 2023 |
| Deadline for limited discovery for *Bagatelos* | December 29, 2023 |
| Further Case Management Conference | January 18, 2024 |
| Deadline to file choice-of-law motion and any other dispositive motions | January 26, 2024 |
| Deadline to oppose any choice-of-law motion and any other dispositive motions | February 23, 2024 |
| Deadline to file reply in support of any choice-of-law motion and any other dispositive motions | March 15, 2024 |
| Hearing on choice-of-law and any other dispositive motions | April 4, 2024 |
| Initial expert disclosures | April 5, 2024 |
| Rebuttal expert disclosures | June 7, 2024 |
| Deadline to file any expert motions or motions in limine | July 12, 2024 |

| Deadline to oppose any expert motions or motions in limine | July 26, 2024 |
| --- | --- |
| Deadline to file reply in support of any expert motions or motions in limine | August 9, 2024 |
| Pretrial Conference | August 28, 2024 |
| Trial | September 9, 2024 |

**IT IS SO ORDERED**.

Dated: August 8, 2023

_____
RICHARD SEEBORG
Chief United States District Judge