UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER A BAGATELOS, et al.,

    Plaintiffs,

    v.

UMPQUA BANK,

    Defendant.

Case No. 23-cv-02759-RS

**ORDER DENYING ADMINISTRATIVE "MOTION FOR CLARIFICATION"**

By a case management order entered on August 8, 2023, jointly in this action and in *Camenisch v. Umpqua Bank*, 20-cv-05905-RS, the two matters were set to be tried jointly in September of 2024, as had been agreed in court-ordered meet and confer negotiations. The parties also had reported reaching agreement on the degree to which new discovery to be undertaken in this action would be limited. Noting that agreement, the case management order did not otherwise set out any specific limitations on discovery.

Defendant has now filed an administrative motion purporting to seek "clarification" of the case management order. Defendant contends certain third-party subpoenas served by plaintiffs are not permissible under the case management order and that they are also subject to other timing and scope objections.

In the ordinary course, discovery limitations set in case management orders do not address third party discovery. Here, the question is whether the parties' previously negotiated agreement should be understood to impose limitations on such discovery. That issue, however, along with

any other questions as to the propriety of the subpoenas or their scope or timing, are discovery matters within the scope of the referral to the magistrate judge. The administrative motion is therefore denied without prejudice to the parties' rights to seek any procedurally appropriate relief from the magistrate judge.

**IT IS SO ORDERED**.

Dated: December 18, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

