UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER A BAGATELOS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UMPQUA BANK, <br><br> Defendant. | Case No. 23-cv-02759-RS <br><br> **ORDER AWARDING COSTS** |

Following entry of judgment in its favor, defendant Umpqua Bank filed a timely bill of costs requesting a total amount of $22,974.59. Plaintiffs filed an objection, asserting Umpqua was not entitled to any costs because it was not a "prevailing party" under Federal Rule of Civil Procedure 54(d). Plaintiffs further argued costs should be denied in light of their allegedly limited financial resources. Plaintiffs did not otherwise challenge any of the cost items, the individual amounts, or the total claimed. The Clerk of the Court then entered an order taxing costs in the amount of $0.00, noting the claimed costs were disallowed as "outside the ambit" of the local rules.

Although plaintiffs referred to Rule 54(d) as "inapplicable," their argument actually was that there is no "prevailing party" when the rule is applied in the context of a jurisdictional dismissal. Umpqua moves for judicial review of the Clerk's order taxing costs, contending it is now settled law under *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419 (2016) that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." *Id*. at 421,

and that, therefore, a dismissal for lack of standing—while not an adjudication on the merits—still makes the defendant the prevailing party, who is entitled to recover its court costs.

Pursuant to Civil Local Rule 7-1(b), Umpqua's motion is suitable for disposition without oral argument and the hearing set for September 26, 2024, is vacated. The motion will be granted, and costs will be awarded in the uncontested amount of $22,974.59.

In opposition to the motion, plaintiffs effectively abandon their argument that a dismissal for lack of subject matter jurisdiction means there is no "prevailing party" under Rule 54(d). Instead, plaintiffs contend the cost issue here is governed by 28 U.S.C. § 1919, which provides:

> Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs.

Plaintiffs now argue Rule 54(d) does not apply because by its own terms it operates only if no "federal statute, these rules, or a court order provides otherwise." Plaintiffs then contend awarding "just costs" under § 1919 is less automatic than awarding costs to a prevailing party under Rule 54(d). Plaintiffs also insist Umpqua has waived any claim for costs under § 1919 by relying solely on Rule 54(d) in its motion.[1]

Even assuming plaintiffs did not forfeit their current argument that § 1919 is the sole governing standard by failing to raise it in their objection to the cost bill, they have not shown the statute and Rule 54(d) are mutually exclusive. While it may be that, prior to *CRST*, a party claiming costs following a dismissal on jurisdictional grounds would have been forced to rely exclusively on § 1919, a clear consequence of *CRST* is that the term "prevailing party" used in Rule 54(d) can now be understood to include a party in whose favor a jurisdictional dismissal was entered.

Furthermore, even assuming Umpqua were restricted by § 1919 to recovering only "just

---

[1] Umpqua claimed its costs, however, on this district's form Bill of Costs, which does not require the party seeking costs to identify any rule or statute under which the costs are claimed.

costs," the costs it seeks are just under all the circumstances here. Plaintiffs' argument that Umpqua's resources exceed theirs, particularly where the essence of their claim is that many of them lost a significant portion of their life savings in the underlying fraudulent scheme, falls short of constituting a reason to deny Umpqua its costs. Not only have plaintiffs provided no real information as to their financial condition, but they would also be hard pressed to show that bearing the cost award is an undue burden, given that the amount sought, divided by the number of plaintiffs, comes to something less than $2500 per individual plaintiff. Accordingly, Umpqua's motion is granted, and it is awarded costs in the amount of $22,974.59.

**IT IS SO ORDERED**.

Dated: September 17, 2024

_____
RICHARD SEEBORG
Chief United States District Judge